UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

**CAPITAL CASE**

CIVIL ACTION NO. 07-CV-07-KKC

THOMAS CLYDE BOWLING, ET AL.                                    PLAINTIFFS

VS:                    **MEMORANDUM OPINION AND ORDER**

SCOTT HAAS, ET AL.                                              DEFENDANTS

**** **** **** **** ****

Plaintiffs Thomas Clyde Bowling ("Bowling"), Ralph Baze ("Baze"), and Jeffrey Leonard ("Leonard"), three Kentucky death row inmates, have filed this action seeking a declaration that the defendants' actions in carrying out their death sentences under Kentucky law would violate the Federal Controlled Substances Act, 21 U.S.C. §801 *et seq.* ("CSA"), and the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §301 *et seq.* ("FDCA") [Record No. 4].

**DISCUSSION**

The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). That statute provides:

> (a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

Dockets.Justia.com

The complaint must also be screened because Plaintiffs are proceeding *in forma pauperis* in this action:

> [T]he court shall dismiss the case at any time if the court determines that
>
> (A) the allegation of poverty is untrue;  or
> (B) the action or appeal
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2).

42 U.S.C. §1997e(a) requires a prisoner challenging prison conditions pursuant to 42 U.S.C. §1983, *Bivens*, or other federal law to exhaust all available administrative remedies before filing suit in federal court. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court has recently clarified that a prisoner need not demonstrate exhaustion on the face of his complaint. *Jones v. Bock*, __ U.S. __, 2007 WL 135890, *8 (2007). However, where the complaint establishes that the claim is barred by an affirmative defense, such as the statute of limitations, the complaint may be dismissed for failure to state a claim upon initial screening. *Id*. at *10.

In their complaint, the plaintiffs acknowledge that they have neither invoked nor exhausted the Kentucky Department of Corrections' ("KDOC") grievance procedure (Complaint, ¶57). They attempt to justify that failure on two grounds:

> 1.  The injury complained of will only occur in the future (Complaint, ¶54); and
>
> 2.  the KDOC would reject any grievance raising the issues presented in the complaint as non-grievable (Complaint, ¶¶55-59).
>
> Both of these justifications must be rejected.

As to the first contention, the mere fact that the policy complained of will result in a concrete injury only at some point in the future does not remove the policy from the scope of the "prison conditions" subject to the exhaustion requirement. *See, e.g., Treesh v. Taft*, 122 F.Supp.2d 887, 890-91 (S.D.Ohio 2000) (inmate's facial free-speech challenge to state corrections department's policy prohibiting death row inmates from making oral final statements audible to spectators just before execution related to "prison conditions" and was thus subject to PLRA exhaustion requirement). Exhaustion is required not only where the claim arises from a specific incident in the past, but where a prisoner challenges an ongoing practice or policy implemented by prison officials. *See, e.g., Baker v. Gonzalez*, 06-91, Eastern District of Kentucky (unpublished disposition) (January 17, 2007 Memorandum Opinion and Order).

Plaintiffs' second contention is that, given KDOC's prior determination that Eighth Amendment challenges to the lethal injection procedure are "non-grievable," it is reasonable to predict that KDOC will likewise reject the plaintiffs' present statutory challenge to the execution of the lethal injection protocol as "non-grievable."

The Court is unwilling to engage in the perilous enterprise of attempting to divine how KDOC will interpret its own regulations to determine what issues are grievable and what issues are not. *Baker v. Krieger*, 287 F.Supp.2d 207 (W.D.N.Y. 2003) (inmate not excused from following grievance process based on his belief, based upon prior experience, that his efforts would be futile). It is noteworthy that Plaintiffs' present challenge is based upon federal statutes, rather than the federal Constitution, which define in far more precise terms than "cruel and unusual punishment" the locus of the conduct circumscribed. The KDOC may determine therefore that the grievance process is an apt mechanism through which to ensure that their lethal injection procedures comply

with the federal laws at issue.

Further, KDOC's Corrections Policies and Procedures state:

B.      Grievable Issues

Grievable issues shall include all aspects of an inmate's life in prison that are not specifically identified as a non-grievable issue.  Grievable issues may include, but are not limited to, the following:

1.  personal and social services or needs
2.  Corrections policies and procedures
3.  institutional policies and procedures
4.  personal actions by staff
5.  staff conflicts
6.  health care concerns

C.      Non-Grievable Issues

1.  appeal of court decision or order
2.  Parole Board decision
3.  non-departmental complaint; for example, Social Security benefits and federal detainers
4.  Adjustment Committee decision, Unit Hearing Officer decision, Adjustment Officer decision, or Warden's review of these decisions; see CPP 15.6
5.  classification decision or appeal of a classification decision; see CPP 18.1, 18.15
6.  decision concerning the award or denial of educational good time
7.  rejected mail
8.  open records or open records denial
9.  sentence calculation; see CPP 17.4

KDOC CPP 15.6(II)(B), (C) (February 3, 2006).  The issues raised in Plaintiffs' complaint constitute

a direct challenge to "Corrections policies and procedures" or "institutional policies and procedures,"

thus falling within one of the stated examples of a grievable issue.  In addition, because it appears

the issues raised by Plaintiffs "are not specifically identified as a non-grievable issue" under CPP

15.6(II)(C), they would constitute grievable issues under CPP 15.6(II)(B).  The text of the applicable

regulation thus appears to indicate that the issues raised in Plaintiffs' complaint are grievable.

Finally, the plaintiffs refer to KDOC's prior refusal to process a grievance challenging the lethal injection protocol on Eighth Amendment grounds because it was an "issue dealing with legislative mandate and court decisions." Although not clear from the complaint, the plaintiffs may be asserting that they need not exhaust administrative remedies because the KDOC's prior refusal would make such efforts futile. Courts have excused compliance with an otherwise available administrative remedy procedure where such efforts would be futile in light of the administrative agency's consistent adherence to the rule being challenged. *See, e.g., James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C.Cir. 1987) ("futility" exception to exhaustion requirement applies where there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider.") However, this equitable principle, imported from administrative law into the judicially-crafted exhaustion requirement for habeas corpus petitions, does not apply to the PLRA's express exhaustion requirement under 28 U.S.C. §1997e. *Colton v. Ashcroft*, 299 F.Supp.2d 681 (E.D.Ky. 2004) (judicially created administrative remedy exhaustion requirement, unlike PLRA's exhaustion requirement, permits waiver of further exhaustion in the face of futility); *Aron v. LaManna*, 4 Fed.Appx. 232, 2001 WL 128349 (6th Cir.2001); *Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000) (there is no "futility exception" to the PLRA's exhaustion requirement); *Martinez v. P.A. Williams R.*, 349 F.Supp.2d 677 (S.D.N.Y. 2004) (same).

Finally, even were the PLRA's exhaustion requirement subject to an exception for futility, it would not apply here. Exhaustion has been found futile where an agency has clearly expressed "a strong position on the issue together with an unwillingness to reconsider." *James*, 824 F.2d at 1139.

While KDOC may have firmly expressed its opinion that Eighth Amendment challenges to the lethal injection procedure are non-grievable, such an indication does not constitute a clear expression by KDOC that *any* challenge to lethal injections, in this case on distinct statutory grounds, are excluded from the grievance process. Because there is nothing to suggest that KDOC would view the present challenge as indistinguishable from all other challenges to Kentucky's lethal injection protocol with respect to the applicability of the grievance procedure under CPP 15.6, the "futility" exception could not apply under these facts.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)    Plaintiffs' complaint is **DISMISSED**, without prejudice.

(2)    The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

Dated this 31st day of January, 2007.



Signed By:

**_Karen K. Caldwell_**

**United States District Judge**